CASE 28—PETITION ORDINARY—JUNE 16.

# Raynes' adm'r vs. Smith.

#### APPEAL FROM MADISON CIRCUIT COURT.

A physician who had been a surgeon in the Confederate army, and who, subsequently, took the oaths of allegiance and amnesty, is entitled to recover for professional services rendered by him whilst a non-combatant, and domiciled in Kentucky.

BURNAM & CAPERTON for appellant.

E. W. TURNER and R. HERNDON, for appellee, cited *Hallack's Int. Law*, 356-7-8; *Lawrence's Wheat.*, 556; 1 *Kent's Com.*, 66, 68.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This is an action by the administrator of Dr. Raynes, deceased, on an account for medical services in the defendant's family, afflicted with the small-pox during the late civil war.

The defendant, now appellee, answered the petition, and, without intimating any illegality in the implied contract, admitted the services, but alleged that the charges were exorbitant, and pleaded some offset.

Raynes' adm'r vs. Smith.

On the trial there was only one witness. His testimony proved facts conducing to establish the account as exhibited; and he also testified that the intestate had been a surgeon in the Confederate army; and, without any exception taken and filed, he also testified that the intestate had taken the amnesty oath and oath of allegiance to the United States, and, when he performed the medical services charged in the account, he was a non-combatant, domiciled in Madison county, Kentucky.

On these facts the circuit court, seeming to consider the services as a violation of international law, and that, therefore, the law did not imply a contract to pay for them, instructed the jury to find for the defendant, which they accordingly did, and thereupon judgment was rendered in bar of the action.

It might be a grave question whether treating the small-pox in the family of a resident Kentuckian by a rebel, also quietly residing in Kentucky, should be deemed a violation of the principle which interdicts all trade or commercial intercourse between conflicting belligerents.

But however this might be, we cannot doubt that the intestate, having become a passive and peaceful resident of Ken- tucky, renounced the war, and sworn allegiance to the Union, his professional services were no more illegal than they would have been had he never been in the Confederate army, but had always resided in Kentucky as a faithful citizen of the United States.

We are therefore of the opinion that the instruction by the circuit court was erroneous, and therefore the judgment is reversed, and the cause remanded for a new trial.